UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON HERSHEY,<br><br>    Plaintiff,<br><br>v.<br><br>HARDIN COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant. | Case No. 26-cv-00033-JPG |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Jason Hershey's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 4). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it dos not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that he is indigent. However, it finds that he fails to state a claim. Plaintiff's complaint attempts to assert a claim under 42 U.S.C. § 1983 against Defendant Hardin County Sheriff's Department for deliberate indifference to his medical

needs in violation of the Eighth Amendment. His claim fails because the Hardin County Sheriff's Department is not a suable entity under § 1983. *See Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Instead, Plaintiff must sue either the individual jail officers involved or the county itself. To state a § 1983 claim against an individual jail officer, a plaintiff must allege that the officer deprived him of rights secured by the Constitution or laws of the United States and was acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006); *Brokaw v. Mercer Co.*, 235 F.3d 1000, 1009 (7th Cir. 2000). A municipality can be liable under § 1983 if: (1) the municipality had an express policy calling for constitutional violations; (2) it had a widespread practice of constitutional violations that was so permanent and well settled as to constitute a custom or usage with the force of law; or (3) if a person with final policymaking authority for the municipality caused the constitutional violation. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

       The Court is satisfied that Plaintiff is indigent but finds that he fails to state a claim under § 1983. As such, it RESERVES RULING on the Motion for Leave to Proceed *in Forma Pauperis* (Doc. 4) and DISMISSES the Complaint (Doc. 3) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii). Plaintiff shall have up to and including March 16, 2026, to file an amended complaint. The Court DIRECTS the Clerk of Court to send Plaintiff a blank non-prisoner civil rights complaint along with this order.

**IT IS SO ORDERED.**
**DATED**: **February 12, 2026**

                                          <u>s/ J. Phil Gilbert</u>
                                          **J. PHIL GILBERT**
                                          **United States District Judge**